### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON PATRICK KOLLOCK,       : | |
|         Petitioner,       : | |
|     : | |
| v.       : | Civ. No. 13-656 |
|     : | |
| STEVEN GLUNT, et al.,       : | |
|         Respondents.       : | |

### O R D E R

On February 5, 2013, state prisoner Jason Patrick Kollock, proceeding *pro se*, petitioned for federal habeas relief. 28 U.S.C. § 2254. On January 24, 2014, the Magistrate Judge recommended denying the Petition. (Doc. No. 18.) I will overrule Kollock's objections and deny relief.

**I.     BACKGROUND**

On December 13, 2006, Kollock was charged in state court with sexually assaulting L.W., his 7-year old stepdaughter, between September 2005 and December 2005 at the family home in Bucks County. (Doc. No. 18 at 1.) L.W. testified at trial that Petitioner asked her to rub his feet and head while he lay on the sofa. On several occasions, when no one else was home, Petitioner ordered L.W. to suck his toes. On one of these occasions, Petitioner handcuffed and blindfolded L.W. and told her she was going to suck his toes again. L.W. testified that she "wasn't sucking his toes," however. (Id. at 2.) Although the object inserted into her mouth "was skin," it was "bigger than his toes" and "filled up her whole mouth." (Id.) She described the item as "a line" that was "straight," and explained that when it was placed "into . . . the back of my neck," she started kicking. (Id.) In response to Petitioner's attack on L.W.'s credibility, several witnesses testified that L.W. had told them in detail about these same incidents.

The jury found Petitioner guilty of involuntary deviate sexual intercourse with a child, false imprisonment, endangering the welfare of a child, and indecent assault. On June 25, 2007, he was sentenced to 13 to 27 years in prison. (Id. at 6.) The Pennsylvania Superior Court affirmed, and, on January 14, 2009, the Pennsylvania Supreme Court denied *allocatur*. (Id. at 7.) Kollock did not seek a writ of certiorari.

On May 1, 2009, Petitioner, proceeding *pro se*, sought PCRA relief. Court appointed counsel submitted a "no merit" letter and was permitted to withdraw. On May 4, 2010, Petitioner filed an amended *pro se* PCRA petition. The court denied relief, and the Superior Court affirmed on May 31, 2012. (Id. at 10.)

On February 5, 2013, Kollock, again proceeding *pro se*, filed the instant Petition. The Magistrate Judge recommended denying relief. (Id.) Kollock filed objections on February 14, 2014 (Doc. No. 21) and a "Petition to Amend Objections" (Doc. No. 22) on March 20, 2014.

## II.   STANDARD OF REVIEW

In reviewing the Magistrate Judge's Report and Recommendation, I must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. Id. As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

### III.   OBJECTIONS

#### A.  Sufficiency of the Evidence

Interpreting the due process clause, the Supreme Court has held that a person may be convicted of a crime only if, "after reviewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). Pennsylvania courts follow the same rule. <u>See</u> <u>Commonwealth v. Trill</u>, 543 A.2d 1106, 1112 (Pa. Super. 1988). Under AEDPA, my sufficiency review here is limited to determining whether the trial evidence passes muster under <u>Jackson</u>. Plainly, it does.

Petitioner objects to the Magistrate Judge's determination that the state court had properly applied <u>Jackson</u>. (Doc. No. 21 at 2-5). His "sufficiency" contentions, however, relate to the question of L.W.'s credibility, which the Magistrate Judge rejected, correctly ruling that under AEDPA, federal courts are bound to respect state court credibility findings. <u>See</u> <u>Weeks v. Snyder</u>, 219 F.3d 245, 258 (3d Cir. 2000) ("[T]he federal habeas statute provides us 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court.'" (quoting <u>Marshall v. Lonberger</u>, 469 U.S. 422, 434 (1983))); <u>Flecha v. Shannon</u>, 2005 WL 851066, at *4 (E.D. Pa. Apr. 12, 2005) ("[T]he determination of the credibility of witnesses . . . fall[s] within the exclusive province of the jury. They are, therefore, beyond the scope of permissible federal habeas review." (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 330 (1995))). Here, the jury believed L.W.'s testimony. Moreover, both the state trial court and Superior Court found that several witnesses corroborated L.W.'s detailed and "graphic[]" testimony about her encounters with Kollock. (Doc. No. 18 at 17-19.) Petitioner has presented no valid basis to challenge these credibility determinations. Accordingly, I will overrule this objection.

### B. Ineffective Assistance of Counsel Claims

Petitioner next raises seven objections to the Magistrate Judge's rejection of his challenge to the effectiveness of his trial counsel, John R. Fagan.

#### i. Failure to object to interview testimony.

Petitioner challenges Mr. Fagan's failure to object to prosecution testimony that purportedly violated the Sixth Amendment's Confrontation Clause. (Doc. No. 21 at 8.) Children and Youth Services' caseworker Kim DeGroff testified at trial about her two interviews of L.W. and about an interview of L.W. conducted by forensic interviewer Bea VonWatzdorf. Ms. DeGroff witnessed the VonWatzdorf interview and recorded L.W.'s responses. Petitioner argues that Ms. DeGroff's description of the VonWatzdorf interview violated the Confrontation Clause because he did not have the opportunity to cross examine Ms. VonWatzdorf, who did not testify at trial.

The Magistrate Judge properly rejected this claim. (Doc. No. 18 at 31.) The Superior Court found that Ms. DeGroff's testimony about the VonWatzdorf interview "elicited either trivial or repetitive facts about [L.W.'s] abuse." (Super. Ct. PCRA Op. at 20.) Moreover, there was no Confrontation Clause issue: L.W. testified at trial and was subject to cross examination. In these circumstances, because any objection to Ms. DeGroff's testimony would have been pointless, the Magistrate Judge correctly concluded that Mr. Fagan was not ineffective.

#### ii. Failure to investigate Ms. VonWatzdorf.

Petitioner argues that Mr. Fagan was ineffective for failing to research Ms. VonWatzdorf's credentials. (Doc. No. 18 at 6-11). At trial, Ms. DeGroff identified Ms. VonWatzdorf as a "doctor," even though she, apparently, is not a doctor. Petitioner argues that had Mr. Fagan investigated Ms. VonWatzdorf, he could have impeached Ms. DeGroff's

statement that Ms. VonWatzdorf was a doctor. I agree with the Magistrate Judge's rejection of this trivial point. Ms. VonWatzdorf did not testify at trial; neither her credibility nor her professional credentials were ever at issue. Accordingly, this "failure" could not possibly have prejudiced Petitioner. I will thus overrule this objection.

### iii. Failure to call witnesses.

Petitioner next argues that Mr. Fagan erred in deciding not to call L.W.'s uncle and clinical psychologist Dr. Jay Skolnick as witnesses. (Doc. No. 21 at 11-13.) Petitioner objects to the Magistrate Judge's characterization of these decisions as within trial counsel's discretion. I agree with the Magistrate Judge that Mr. Fagan's strategic decision not to call either witness was hardly ineffective. See Roland v. Vaughn, 445 F.3d 671, 681-82 (3d Cir. 2006) ("Strickland and its progeny make clear that counsel's choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better."). Accordingly, I will overrule Petitioner's objection.

### iv. Failure to object to inconsistent statements and witness "coaching."

Petitioner next argues that Mr. Fagan should have challenged inconsistent witness testimony and the "coaching" of prosecution witnesses. (Doc. No. 21 at 15-17.) The Magistrate Judge found that Petitioner had procedurally defaulted on this claim, which she also rejected on the merits. Because I agree with the Magistrate Judge, I will overrule Petitioner's objection. He has not offered grounds to excuse the procedural default. In any event, I agree that the claim is meritless because: (1) Mr. Fagan vigorously challenged the credibility of the Commonwealth's witnesses, (Jan. 30 Tr. 70-97, 127-32, 141-51, 161-65, 177-98, 227-41), and (2) there is no evidence of witness coaching.

> v. **Failure to object to the Commonwealth's closing argument.**

Petitioner argues that Mr. Fagan should have objected to the prosecutor's "vouching" for her witnesses in her closing argument. (Doc. No. 21 at 18-19.) Once again, the Magistrate Judge found that this claim was procedurally defaulted and, alternatively, denied it on the merits. I agree the claim is procedurally barred: Petitioner failed to raise the claim in the Pennsylvania Superior Court and has not shown grounds to excuse the default. I also agree that the prosecutor properly discussed L.W.'s credibility in her closing argument. Accordingly, I will overrule this objection.

> vi. **Failure to disclose Petitioner's presentence investigation report before sentencing.**

Petitioner next alleges that Mr. Fagan should have provided Kollock with a copy of his presentence investigation report before sentencing. (Doc. No. 21 at 19.) Although Petitioner alleges that he could have "den[ied] or explain[ed] prejudicial information" included in the report, he does not indicate how the report was erroneous. (Id.) Accordingly, I agree with the Magistrate Judge's rejection of this claim.

> vii. **Failure to object to Petitioner's sentence.**

Petitioner argues that Mr. Fagan should have raised various objections to Kollock's 13 to 27 year prison sentence. (Doc. No. 21 at 21-22.)

First, Petitioner contends that the trial court "double counted" factors under the Pennsylvania Sentencing Guidelines. The Magistrate Judge determined this claim was procedurally barred and, in the alternative, meritless. Again, I agree that the claim is procedurally barred: Petitioner did not raise it before the Pennsylvania Superior Court and has not shown grounds for excuse. Moreover, the claim is meritless because Petitioner has not identified which sentencing factors were purportedly "double counted."

Petitioner next argues that in imposing sentence, the court impermissibly considered trial evidence that Petitioner had ordered L.W. to suck his toes. This is absurd. Both the PCRA court and the Magistrate Judge correctly ruled that this conduct was relevant to sentencing because it confirmed the calculated nature of the offenses Petitioner committed and the heightened injury to the victim. Accordingly, I agree with the Magistrate Judge that Mr. Fagan properly "failed" to object to the sentencing court's statement that it had considered the evidence.

### C.  Exclusion of Polygraph Evidence

Petitioner challenges the trial court's refusal to admit the results of his privately obtained polygraph. The Magistrate Judge ruled that Petitioner had procedurally defaulted on this claim because he had not raised it on direct appeal and, alternatively, the claim was meritless based on the unreliability of polygraph evidence. See Commonwealth v. Hetzel, 822 A.2d 747, 767 (Pa. Super. 2003) ("Due to the well-known unreliability of the [polygraph] tests, our courts uniformly have been reluctant to permit any reference to a polygraph examination to be made before the finder of fact.") (internal quotation marks omitted). I agree and will thus overrule this objection.

### D.  New claim

In his "Petition to Amend Objections," Petitioner notes that under Alleyne v. United States, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. 2151, 2155 (2013); (Doc. No. 22 at 1-2.) Petitioner argues that the elements necessary to warrant a 10-year mandatory minimum sentence on his conviction for involuntary deviate sexual intercourse with a child should have been submitted to the jury. Petitioner thus appears to be arguing that the jury never considered whether L.W. was "under 16 years of age"—the "element" that, if proven, triggers that mandatory minimum 10 year sentence. 42 Pa. Cons. Stat. Ann. § 9718(a)(1).

Kollock did not include this claim in his direct appeal, or the instant Petition, so the Magistrate Judge did not address it. Thus, it is not an objection, but rather a new claim. Yet Kollock has neither requested nor received permission to amend his habeas Petition to include this apparently defaulted claim. In any event, the claim is meritless. A defendant convicted of involuntary deviate sexual intercourse is subject to a 10-year mandatory minimum sentence when the victim is "under 16 years of age." Id. Here, L.W. testified that she was seven years old at the time of the assault. (Trial Ct. Op. at 2.) The jury found Kollock guilty of involuntary deviate sexual intercourse with a child, a crime which involves a victim who is "less than 13 years of age." 18 Pa. Cons. Stat. Ann. § 3123(b). The jury therefore determined that L.W. was under 13 years old—and thus under 16 years old as well. Accordingly, I will reject Petitioner's Alleyne claim.

**AND NOW**, this 14th day of August, 2014, it is hereby **ORDERED** as follows:

1. The Petition for a writ of habeas corpus (Doc. No. 1) is **DENIED**;
2. The Magistrate Judge's Report and Recommendation (Doc. No. 18) is **APPROVED AND ADOPTED**;
3. There are no grounds on which to issue a certificate of appealability; and
4. The Clerk shall mark this case **CLOSED** for statistical purposes.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.